**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAR 23 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:22CR158 JAR/JMB ) |
| ANTONIO BELFORD, JR., Defendant. | ) ) ) ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Catherine M. Hoag, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the Government states as follows:

1.      The defendant is charged with receipt of a firearm while under indictment, in violation of Title 18, United States Code, Section 922(n).

2.      Section 3142 of Title 18 governs the release or detention of a defendant pending trial. Specifically, Section 3142(g) provides four factors for the Court's consideration when considering the pretrial detention of a defendant; (1) nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the person; and (4) the danger to the community. Each factor weighs in favor of detention.

3.  Regarding the nature and circumstances of the offense charged, as stated above, the defendant is charged with receipt of a firearm while under indictment, which is an offense that involves firearms, as enumerated in Title 18, United States Code, Section 3142(g)(1).

4.  Additionally, the evidence in this case is strong. Saint Louis Metropolitan Police Department arrested the defendant outside of his mother's residence. When the defendant entered the home, he was wearing a bag/purse across his chest, but he exited the home a short time later without the bag/purse with him. Just prior to the defendant entering the home, officers were conducting arrest attempts a short distance away from the residence. The defendant was asked for consent to search the home for the bag that he had been carrying, which he denied. The officers obtained a search warrant to do so and located the bag just inside the front door on a sofa. Inside the bag, they found a silver and black Star PD .45 caliber semiautomatic firearm with an extended magazine, along with a digital scale and two empty marijuana bags. During a post-Miranda interview, the defendant admitted to purchasing the Star pistol on the streets for $250 approximately a month ago. The defendant also admitted during the interview to receiving a stolen Mossberg shotgun that was recovered by SLMPD officers on January 18, 2022, at the defendant's mother's residence. The defendant has been under indictment in case number 1922-CR01010-01; since April 4, 2019, in case number 1922-CR03073-01 since September 25, 2019 and in case number 1922-CR03546-01 since November 12, 2019 and admitted that he was aware of those indictments at the time he received the firearms.

5.  The defendant's criminal history does not consist of any convictions, but the three pending charges and numerous violent arrests speak to his violent and dangerous nature. The defendant's earliest pending charges (1922-CR01010) stem from a traffic stop where he then fled on foot from the officers and was found with alprazolam and a firearm. His second oldest set of pending charges (1922-CR03073-01) are the result of the defendant and several associates

shooting into an apartment of a former friend turned rival. While in custody on the charges from the residential

shooting, the defendant was found in possession of 26 oxycodone pills that he had hidden in his rectum in a disposable glove (1922-CR03546-01). While out on bond on these charges, the defendant has continued to engage in criminal and violent behavior.

6. On September 14, 2020, the defendant was engaged in a domestic altercation with his girlfriend, S.S. During the argument, she reported that he became enraged, threw her on the ground and punched her in the face at least 10 times, causing red marks and swelling to her left eye. On June 28, 2021, the police were called for another domestic assault involving the defendant and his girlfriend, S.S. On this occasion, S.S. reported that the defendant punched her in the face with a closed right fist after an argument about the defendant keeping guns in her home. From the defendant's social media posts, it is clear what he thinks about domestic violence:



Posted 2/18/2020; Facebook "Wopo Tone Bone"

7. The defendant's violence is not only directed at his girlfriend, but others as well. On January 27, 2021, the defendant is alleged to have assaulted an associate at the Peabody

complex, striking him across the face with a pistol. In March 2019, the defendant is alleged to have flourished a firearm at his own cousin and fired shots into her apartment after learning that his aunt had not given him a larger portion of her tax return. The defendant is also a suspect in the burglary of an apartment in the Peabody Complex where the Mossberg shotgun was stolen.

8. The defendant also poses a serious risk to the community due to his continued possession of firearms. The defendant's social media is riddled with photographs of him carrying dangerous firearms, including while he is out on bond on felony charges:



Posted 6/25/2019; Facebook "Wopo Tone Bone"



Posted 8/5/2017; Facebook "Wopo Tone Bone"



Posted 12/23/2017; Facebook "Wopo Tone Bone"

Moreover, the defendant has been in possession of a firearm on most occasions when he has been arrested. During his interview with police during his most recent arrest, he bragged that he did not need to steal firearms because he can just go to the store with his girl and buy them, despite being under indictment. The defendant's flagrant disregard for the law has and will continue to put the community at serious risk of harm.

9. The defendant's behavior while out on bond also indicates that he will not abide by any terms and conditions this Court sets. The defendant has been placed on the Peabody Housing Complex's Ban List for a significant period of time. Despite this, he continues to frequent the Peabody Complex, engaging in criminal behavior there, and has been arrested twice for trespassing. This type of behavior indicates that he will not abide by Court orders and would likely ignore the directives of a GPS monitoring condition.

WHEREFORE, the Government requests this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ Catherine M. Hoag
CATHERINE M. HOAG #67500(MO)
Assistant United States Attorney
catherine.hoag@usdoj.gov
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200